IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

VICENTE MORALES-MONTES,

Defendant.

CASE NO. 12-639 M (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On May 1, 2012, defendant Vicente Morales-Montes (hereafter "defendant Morales-Montes") filed a "Motion to Dismiss" moving the court to dismiss charges filed under a criminal complaint related to unlawful possession of an endangered species, that is, meat of a Leatherback sea turtle, a Class A misdemeanor offense. Title 16, United States Code, Sections 1538(a)(1)(d). (Docket No. 14). The government filed its response in opposition claiming defendant's motion should be stricken for failure to comply with Local Rules because it exceeds the number of pages and the complaint was filed within the statutory limitation period of five years. (Docket No. 16). Defendant Morales-Montes then filed a reply objecting the motion be stricken, among other reasons, as based only on the total page count number having exceeded only by three pages on a meritorious defense. Insofar as the averment that the government may proceed against defendant on a misdemeanor charge as per Fed.R.Crim.P. 58(b)(1) through a complaint, defendant further argues Speedy Trial violations have ensued for not only exceeding the limitation period of five years but by

failing to present an information or indictment on the Class A misdemeanor charges against defendant in thirty days from defendant's arrest. As such, the government has allowed the five-year limitation period to expire, which was not tolled by the filing of a complaint, upon expiration of the thirty days to file the information or indictment.

Defendant Morales-Montes also raises other grounds for dismissal which at this juncture are considered not relevant for disposition of the complaint and which had these been considered, under the particulars of the case, would had been denied, to wit: due process violation for inability to contribute effectively in his own defense because of medical condition developed with the passage of time; charges did not present a valid offense nor facts sufficient to establish the elements thereof or probable cause; and prejudicial pre-indictment delay in violation of due process.[1]

## PROCEDURAL BACKGROUND

On May 1, 2012, defendant Morales-Montes was charged in a complaint for having possessed, knowingly and unlawfully, an endangered species, to wit, meat of a Leatherback sea turtle on or about June 18, 2007. A violation of Title 16, United States Code, Section 1538(a)(1)(d), in violation to sections 1540(b)(1). (Docket No. 1). On May 22, 2012, an arrest warrant was issued and executed, the initial appearance was conducted, bail was set and posted. Defendant was appointed counsel from the Federal Public Defender's Office. (Docket Nos. 2 and 3). On June 6, 2012, a preliminary hearing previously set before a

---

[1] The government's reply addressed defendant's contentions for dismissal on other grounds very briefly and mostly one paragraph as to pre-indictment delay, due process and the affidavit in support being accurate to show probable cause. (Docket No. 14).

Magistrate Judge was not held for defense counsel requested a continuance so as to ascertain defendant's mental competency. (Docket No. 10). On June 13, 2012, defense counsel filed a motion suggesting dates for the preliminary hearing, as well as a separate Motion to Dismiss. (Docket Nos. 13 and 14). On June 26, 2012, the Magistrate Judge who was handling the matter entered an order of recusal. (Docket No. 15). As such, this Magistrate Judge became in charge of this case having originally authorized the complaint. Upon the filing of the response and the reply to the request for dismissal, this Magistrate Judge scheduled the preliminary hearing for July 9, 2012, and now entertains the pending motion to dismiss. (Docket No. 20).

## LEGAL DISCUSSION

Among the grounds raised for dismissal of the complaint charging defendant Morales-Montes with a violation of a Class A misdemeanor, defendant submits the government has failed to present the corresponding information or indictment as required within thirty-days from defendant's arrest. Since the statute of limitation for the offense charged has already expired, defendant further submits dismissal should be with prejudice.

The government responded that Fed.R.Crim.P. 58 (b)(1) allows for the trial of a misdemeanor offense by indictment, information or complaint, while the trial of a petty offense may also proceed through violation notice. The government adds it filed the criminal complaint in this case on May 1, 2012, and since the offense is alleged to have been committed on June 18, 2007, the complaint was filed within the five-year limitation period. (Docket No. 16).

United States of America v. Vicente Morales-Montes
Case No. 12-639M
Opinion and Order
Page No. 4

_____

In its reply, defendant Morales-Montes avers Fed.R.Crim.P. 58(b) does not dispense with the clear language of the United States Code which requires that no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed. Title 18, United States Code, 3282(a). (Docket No. 19). Counsel for defendant argues that a complaint for a misdemeanor offense, that entails a five year limitation period, would not satisfy this requirement. Similarly, because the Speedy Trial Act requires, as to Class A misdemeanors (not as to Class B or C misdemeanors) that an information or indictment be filed within thirty days from the date an individual is arrested, and no such information or indictment has been filed against defendant Morales-Montes, the complaint should be dismissed. Furthermore, the dismissal of said complaint should be with prejudice since, upon the non-filing of an information, the five-year limitation period to institute said action has already expired for which the government is precluded from instituting charges again for the same misdemeanor offense.

The statute on speedy trial provides that any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days." Title 18, United States Code,

United States of America v. Vicente Morales-Montes
Case No. 12-639M
Opinion and Order
Page No. 5

---

Section 3161 (b).[2]  The Speedy Trial Act requires that "[i]f, in the case of any individual against whom a complaint is filed charging such an individual with an offense, no ... information is filed within the time limit required by section 3161(b) ..., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped...." Title 18, United States Code, Section 3162(a)(1).[3]

The charge against defendant Morales-Montes is a Class A misdemeanor because its maximum penalty is one year's imprisonment.[4] The Speedy Trial Act only applies to defendants charged with an "offense," which is defined as "any Federal criminal offense which is in violation of any Act of Congress and is triable by a court established by Act of Congress (other than a Class B or C misdemeanor ...)." 18 U.S.C. § 3172(2).[5] Thus, the Speedy Trial Act applies to Class A misdemeanors. *See id.* at § 3172(2). *See* United States v. Sued-Jiménez, 275 F.3d 1 (1st Cir. 2001) (*citing* to United States v. Boyd, 214 F.3d 1052,

---

[2] "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days." 18 U.S.C. §3161(b).

[3] "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. §3162(a)(1).

[4] "Classification.--An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is ----

6) one year or less but more than six months, as a Class A misdemeanor;" 18 U.S.C.A. §3559.

[5] "The term 'offense' means any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress (other than a Class B or C misdemeanor or an infraction, or an offense triable by court-martial, military commission, provost court, or other military tribunal)." 18 U.S.C. 3172(2).

1057 (9th Cir. 2000) (stating that Speedy Trial Act does not apply to trespass onto a military base which charges a petty offense through a violation notice).

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the due date on which such individual was arrested or served with a summons in connection with such charges." Title 18, United States Code, Section 3161(b). In the instant case, the complaint contains allegations of a Class A misdemeanor. The term 'offense' in section 3161(b) includes Class A misdemeanors. *See* United States v. Boyd, 214 F.3d at 1055. As a matter of fact, several district attorney's offices have recognized the application of the Speedy Trial Act when the government fails to file a timely information or indictment for Class A misdemeanors. *See* United States v. Seitles, not reported in F.Supp.2d, 2006 WL 1367374 (D.Nev., 2006) (wherein defendant claimed the government failed to satisfy the Act's requirements when it charged defendant by way of complaint for Class A misdemeanors and did not file an indictment or information within thirty days of defendant's original summons. The government therein agreed to dismiss counts and retained those that were Class B misdemeanors not subject to the Speedy Trial Act supported by grounds that Speedy Trial does not apply to Class B misdemeanors).

The record is clear that, pursuant to Title 18, United States Code, Section 3161(b), the government was required to file an information within thirty days from the date defendant Morales-Montes was arrested in connection with the charges in this matter, that is from May 22, 2012. The prosecution did not comply with this requirement and the

record does not show any waiver by defendant Morales-Montes to his speedy trial. S*ee* United States v. Mills, 964 F.2d 1186, 1189 (D.C.Cir. 1992) ("The remedial provision of the Speedy Trial Act also suggests that the Act is triggered only by arrests that are accompanied by the filing of a federal complaint against the defendant."); United States v. Pollock, 726 F.2d 1456, 1462 (9th Cir. 1984) (sanction of dismissal of complaint is mandatory when the government fails to indict within the specified period).

Regarding Rule 58, that refers to trial under indictment, information or complaint, same is still considered valid and unambiguous when such a trial complies with speedy trial or a defendant has waived the application of speedy trial. Nothing under Rule 58, however, hinders a trial and/or plea on a complaint or violation notice to take place within the first thirty days from filing of the complaint or notice, that is, well before speedy trial provisions would apply. Upon thirty days having transpired from the filing of the complaint without an information or indictment being filed, and absent waiver from defendant, the provision of speedy trial kicks in and charges may be dismissed, with or without prejudice. The limitation period in his case would have concluded by June 18, 2012, that is, five years from the commission of the offense. Thus, the only remaining issue as to defendant Morales-Montes is whether dismissal should be with or without prejudice.

If dismissal is required, which this Magistrate Judge considers appropriate, the court retains the discretion to dismiss the charges either with or without prejudice. The large majority of courts in assessing this factor have found that the crime at issue, being a Class A misdemeanor, is not to be considered serious since it is charged as a misdemeanor

offense. U.S v. Montecalvo, __ F.Supp.2d __, 2012 WL 1862381 (E.D.N.Y. 2012). The charge here as to defendant Morales-Montes is a Class A misdemeanor, which constitutes some of the least serious offenses prosecuted in federal court to which the Speedy Trial Act applies. United States v. Nash, Not Reported in F.Supp.2d, 2010 WL 702438 (D.Nev. 2010).

More so, in the present case, defendant Morales-Montes was charged with an offense that transpired back in June 18, 2007, for which the last date when an information should have been filed within the five-year limitation period was June 18, 2012 before midnight at the latest. Furthermore, the prosecution's *laissez faire* in this case demonstrates it does not consider defendant's offense as a grave one for which swift justice must have ensued.

Having such term of five-year under the statute of limitation for misdemeanor offenses already transpired, and considering the offense, dismissal herein should be with prejudice.

## CONCLUSION

In view of the foregoing, and taking into account the parties' position and the factual events, defendant Morales-Montes' Motion to Dismiss is GRANTED. (Docket No. 14). Accordingly, the complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of July of 2012.

                                               s/CAMILLE L. VELEZ-RIVE
                                               CAMILLE L. VELEZ-RIVE
                                               UNITED STATES MAGISTRATE JUDGE